**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ADVENTIST HEALTH
SYSTEM/SUNBELT INC.,**

          **Plaintiff,**

-vs-                                                     **Case No. 6:08-cv-1706-Orl-22KRS**

**BLUE CROSS & BLUE SHIELD OF
FLORIDA, INC. and HEALTH OPTIONS,
INC.,**

          **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.'S AND HEALTH OPTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Doc. No. 5)** |
| **FILED:** | **October 6, 2008** |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION FOR REMAND (Doc. No. 16)** |
| **FILED:** | **November 3, 2008** |

**I.    INTRODUCTION.**

Plaintiff Adventist Health System/Sunbelt Inc. ("Adventist") filed a complaint against Defendants Blue Cross and Blue Shield of Florida, Inc. ("Blue Cross") and Health Options, Inc.

("Health Options") in Florida state court. Adventist alleged four causes of action: violation of section 641.513(5), Fla. Stat.; breach of a third-party beneficiary contract; unjust enrichment; and, quantum meruit. Doc. No. 3. Defendants removed the complaint to this Court on the basis that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* completely preempts Adventist's causes of action.[1] Doc. No. 1. Adventist, in turn, filed a motion to remand. Doc. No. 16.

Defendants filed a motion to dismiss in which they contend that Adventist's complaint should be dismissed with leave to refile it under ERISA, or the Medicare Act if applicable. They also argued, alternatively, that Adventist failed to state claims on which relief can be granted as to the unjust enrichment and quantum meruit causes of action. Doc. No. 5. Adventist responded consistently with its motion for remand that its causes of action are not completely preempted by ERISA. It also asserts that its unjust enrichment and quantum meruit claims should not be dismissed. Doc. No. 15.

The Honorable Anne C. Conway, presiding district judge, referred both the motion for remand and the motion to dismiss to me for issuance of a report and recommendation.

---

[1] Defendants also argued that to the extent Adventist's claims related to services arising under the Medicare Act, those claims presented federal questions. Doc. No. 1 ¶ 3. In its response to the motion for remand, however, Defendants represent that "[a] preliminary search of possible HMO claims at issue in this action has not revealed any disputed Medicare based claims and [Health Options] believes that all of Plaintiff's claims in this case arise pursuant to health plans that are subject to ERISA." Doc. No. 20 at 2 n. 2. The Court need not consider whether the Medicare Act would provide a basis for federal jurisdiction based on the recent decision of the United States Court of Appeals for the Eleventh Circuit holding that federal courts do not have original jurisdiction of claims arising under the Medicare Act. *See Dial v. Healthspring of Ala., Inc.*, 541 F.3d 1044 (11th Cir. 2008).

## II. ALLEGATIONS OF THE COMPLAINT.

Adventist is a hospital system known as Florida Hospital. Doc. No. 1 ¶ 8. Florida Hospital's Orlando Region has its principal place of business in Orange County, Florida. *Id.* Blue Cross is a Florida health maintenance organization ("HMO") insurance carrier operating in Florida. *Id.* ¶ 9. Health Options is a wholly owned subsidiary of Blue Cross that operates HMO health plans throughout Florida. *Id.* ¶ 10.

From March 1, 2004 through March 31, 2007, Florida Hospital's Orlando Region did not have a contract with Defendants to provide hospital services to persons covered by Defendants' HMO plans. *Id.* ¶3. Nevertheless, during that time persons covered by Defendants' HMO health plans sought and received emergency services and care at facilities within Florida Hospital's Orlando Region. *Id.* ¶ 18. Florida Hospital's Orlando Region billed charges less than or equal to the usual and customary provider charges for similar services in the community. *Id.* ¶ 5. Defendants refuse to pay the billed charges submitted by Florida Hospital's Orlando Region. *Id.* ¶¶ 6, 22.

Defendants are parties to a contract with their insureds, referred to as subscribers, that obligates Defendants to pay health care providers for services rendered to the subscribers (the "Subscriber Contract(s)"). *Id.* ¶ 34. Adventist alleges that "[t]here is a clear manifest intent in the Subscriber Contracts to directly benefit [Adventist], thus making [Adventist] a third-party beneficiary of the Subscriber Contracts between the subscribers, those people seeking emergency services and care from [Adventist], and the Defendants, Blue Cross and Health Options." *Id.* ¶ 35. Adventist further alleges that Defendants have breached the Subscriber Contracts by failing to pay the outstanding balance of Adventist's billed charges for emergency services. *Id.* ¶¶ 36, 37. Adventist seeks recovery of the

amount of its outstanding balances for its billed charges together with interest, attorneys' fees and costs, and such others relief as the Court deems necessary and appropriate.

## III. ANALYSIS.

Because the issue of ERISA preemption underlies both motions, it is appropriate to address first the motion for remand.

### A. *Motion for Remand.*

#### 1. Removal, Remand and Preemption.

> Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court. 28 U.S.C. 1441(a). One category of cases of which district courts have original jurisdiction is "[f]ederal question" cases: cases "arising under the Constitution, laws, or treaties of the United States." [28 U.S.C.] § 1331 . . . . . Ordinarily, determining whether a particular case arises under federal law turns on the "well-pleaded complaint " rule. . . . In particular, the existence of a federal defense normally does not create statutory "arising under" jurisdiction, . . . and "a defendant may not [generally] remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law . . . . There is an exception, however, to the well-pleaded complaint rule. "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 . . . (2003). This is so because "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." [*Id.*] ERISA is one of these statutes.

*Aetna Health Inc. v. Davila*, 542 U.S. 200, ___, 124 S. Ct. 2488, 2494-95 (2004)(some internal citations and quotations omitted).

The present case presents the question of whether any of Adventist's causes of action are completely preempted by ERISA. In *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999), the United States Court of Appeals for the Eleventh Circuit held that a case could be removed under ERISA complete preemption when: 1) there is "a relevant ERISA plan"; 2) "the

-4-

plaintiff [has] standing to sue under that plan"; 3) "the defendant [is] an ERISA entity"; and, 4) "the complaint[] seek[s] compensatory relief akin to that available under [ERISA]." *Id.* at 1212 (internal citations omitted).

In the face of a motion to remand, the burden of demonstrating the existence of each element necessary to establish the federal court's subject matter jurisdiction rests squarely on the removing defendant, and must be proven by a preponderance of the evidence. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006); *Stanley v. Life Ins. Co.*, 426 F. Supp. 2d 1275, 1282 (M.D. Fla. 2006) ("In complete preemption cases, the *burden* is on the *defendant*, as the party asserting jurisdiction to demonstrate the propriety of removal.") (original emphasis; internal quotation marks omitted).

2. Complete Preemption Under the Present Facts.[2]

Defendants submitted the Affidavit of Sylvia T. Dornes in support of the removal of the case to this Court. Doc. No. 2. Dornes, who is a Senior Legal Affairs Consultant for Blue Cross, avers that Blue Cross does not issue or administer HMO contracts. Rather, Health Options issues or administers these contracts, including receiving and adjudicating HMO claims. *Id.* ¶¶ 1-3. Health Options is a wholly owned subsidiary of Blue Cross. *Id.* ¶ 3.

---

[2] While the parties devote much of their argument to whether the cause of action under section 641.513(5) is preempted by ERISA, remand is not appropriate if any cause of action is completely preempted. *Cf.* 28 U.S.C. § 1441(c)(providing that when one cause of action arises under 28 U.S.C. § 1331, federal-question jurisdiction, the entire case may be removed). Thereafter, "the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."). Therefore, I will address complete preemption as to all four causes of actions that Adventist asserts.

Health Options issues HMO contracts to four categories of subscribers: individuals; employer groups such as churches or governmental entities governed by Florida state law; private employer groups, labor unions, or other groups that are subject to ERISA; and, Medicare HMO plans. *Id.* ¶ 4. Adventist previously sued Defendants in Florida state court raising issues similar to those in the present case concerning Health Option's HMO plans that are subject to state law. *Id.* ¶ 5. Accordingly, the present case involves only subscribers under ERISA plans and Medicare plans. *Id.* Dorne was unable to identify any claims submitted by Adventist during the period March 1, 2004 through March 31, 2007 that relate to any Health Options' Medicare plans. *Id.* ¶ 8.

Finally, Dornes avers that a random sampling of claims submitted by Adventist for emergency health care services rendered to Health Options' subscribers during the relevant time period reveals that Adventist requested payment via patient assignments of benefits. *Id.* ¶ 6. Dornes submitted copies of some of the claim forms, but she did not submit copies of any written assignment of benefits signed by Health Options' subscribers. Dornes also did not provide any evidence regarding whether the Subscriber Contracts prohibit assignment of benefits.

Accordingly, through Dornes Affidavit, Defendants have presented evidence that the emergency services at issue were provided to subscribers of ERISA plans issued by Health Options, and that Health Options is an ERISA entity because it controls the payment of benefits and determination of beneficiaries rights under the ERISA HMO contracts.[3] *See Butero*, 174 F.3d at 1213. The ERISA plans are relevant because, without the existence of the ERISA plans, Health Options would not be responsible under section 641.531(5) to compensate the provider for emergency services

---

[3] If one defendant is an ERISA entity, and the other elements of *Butero* are met, complete preemption applies and the case can be removed to federal court. *See Butero*, 174 F.3d at 1212.

rendered, and there would be no contract on which Adventist could base its third-party beneficiary claim. Issues remain regarding whether Adventist has standing to sue under ERISA and whether the complaint seeks compensatory relief akin to that available under ERISA.

The second factor of the *Butero* tests considers whether the healthcare provider would have standing to sue under ERISA. ERISA plan beneficiaries and participants have standing to sue under ERISA. *See Hobbs v. Blue Cross Blue Shield*, 276 F.3d 1236, 1241 (11th Cir. 1236)(citing *Englehardt v. Paul Revere Life Ins. Co.*, 139 F.3d 1346, 1351 (11th Cir. 1998)). Healthcare providers, such as Adventist, are generally not considered ERISA plan beneficiaries or participants. *Id.* A healthcare provider may obtain derivative standing to sue under ERISA, however, when an ERISA plan beneficiary assigns his right to payment of ERISA benefits to the provider provided that the ERISA plan does not forbid such assignment. *See, e.g., Physicians Mulitspecialty Group v. Health Care Plan of Horton Homes, Inc.,* 371 F.3d 1291, 1295 (11th Cir. 2004); *Cagle v. Bruner*, 112 F.3d 1510, 1512, 1515 (11th Cir. 1997).

Defendants do not contend that Adventist is an ERISA plan beneficiary or participant. Rather, they argue that Adventist has standing to bring claims under ERISA by virtue of written assignments of benefits from the subscribers to Health Options' plans. Adventist does not admit that it has valid assignment of benefits from Health Option's subscribers. It also does not rely in the complaint on such assignments as the basis for any of its claims.

Defendants have the burden of proving derivative standing by a preponderance of the evidence. *Hobbs*, 276 F.3d at 1242. Defendants presented evidence based on a random sampling of the claims at issue, that Adventist submitted claim forms in which Box 53 contained a "Y," which Dornes avers indicates that Adventist sought payment under a patient assignment of benefits. Dornes Aff. ¶ 6.

Defendants did not present any copies of the assignments,[4] and they did not address whether the ERISA plans at issue contain unambiguous anti-assignment clauses. Without such proof, Defendants have failed to carry their burden of proof that any such assignments are valid. *See Physician's Multispecialty Group,* 371 F.3d at 1295("[W]e are persuaded by the reasoning of the majority of federal courts that have concluded that an assignment is ineffectual if the plan contain an unambiguous anti-assignment provision."); *see also Hobbs*, 276 F.3d at 1242 ("Without proof of an assignment, the derivative standing doctrine does not apply.").

The final *Butero* inquiry is whether, under the causes of action asserted in the complaint, Adventist seeks "compensatory relief akin to that available under [ERISA]; often this will be a claim for benefits due under a plan." *Butero*, 174 F.3d at 1212. With respect to the claims for unjust enrichment, quantum meruit and payments due under section 641.513(5), Adventist seeks compensation for its services in the amount of the billed charges, irrespective of whether the services were covered under the ERISA plans or the payment allowed under the plans, if any. As such, Adventist does not seek compensatory relief akin to that available under ERISA as to these causes of action. *See, e.g., Rocky Mountain Holdings, LLC. v. Blue Cross and Blue Shield of Fla., Inc.*, Case No. 6:08-cv-686-Orl-19KRS, 2008 WL 3833236, at * 14-15 (M.D. Fla. Aug. 13, 2008)(section 641.513(5) claim); *see also Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 n. 5 (11th Cir. 1999)("In a claim for quantum meruit . . . , the expectation of compensation would be measured by

---

[4] At least one court has required a defendant to produce valid subscriber assignments to prove derivative standing. *See In re Managed Care Litig.*, 298 F. Supp. 2d 1259, 1292 (S.D. Fla. 2003).

the intent of the parties as expressed by their actions. In a claim for unjust enrichment, it would be . . . measured in terms of the benefit to the owner, not the cost to the provider.").

The relief available under Adventist's third-party beneficiary claim is different than the relief available under the other causes of actions asserted. A review of third-party beneficiary law is helpful to illustrate why this is so. In *Vencor Hospitals v. Blue Cross Blue Shield*, 169 F.3d 677 (11th Cir. 1999), Vencor Hospitals provided care to two individuals insured under Medigap policies issued by Blue Cross Blue Shield of Rhode Island ("BCBS"). After Medicare coverage expired, Vencor continued to treat the patients but began charging them its ordinary rates, which greatly exceeded the amount Medicare had paid for the services. After the patients were released from the hospital, Vencor sought payment under the Medigap policies. When Vencor and BCBS could not agree on the payment due under the policies, Vencor sued BCBS alleging that it was a third-party beneficiary of the Medigap policies. *Id.* at 679-80.

The Eleventh Circuit held that, under the terms of the policies, Vencor was a third-party beneficiary and had the right to sue for breach of the insurance contracts. *Id.* at 680. The court observed that "[a] third-party beneficiary contract creates a contractual relationship between the beneficiary and the promisor." *Id.* at 682 n. 13. As such, Vencor was entitled to seek compensation for its services to the extent provided for under the Medigap policies. *See also Vencor Hosps. v. Blue Cross Blue Shield*, 284 F.3d 1174 (11th Cir. 2002)(addressing the benefits Vencor Hospitals were entitled to under the terms of the Medigap policies).

The same analysis applies to Adventist's third-party beneficiary claim. By bringing a third-party beneficiary claim, Adventist is necessarily seeking to recover payment for services rendered *as provided for in the relevant Health Options' plans*. Because the relevant Health Options' plans are

ERISA plans, as discussed above, in its third-party beneficiary claim Adventist is seeking benefits due under the plans. This is, by definition, a request for compensatory relief akin to that available under ERISA. Therefore, with respect to this cause of action, the fourth factor of the *Butero* test has been established.

Nevertheless, because Defendants have not carried their burden of proving that Adventist has standing to sue under ERISA, the motion for remand is well taken.

  *B.* *Motion To Dismiss*.

Defendants ask the Court to dismiss the complaint or order Adventist to replead its causes of action under ERISA. If the Court accepts the recommendation to remand the case, this portion of the motion to dismiss is unavailing.

Defendants also contend that Adventist failed to state claims for unjust enrichment and quantum meruit on which relief could be granted. If the Court accepts the recommendation to remand the case, the motion to dismiss as to these issue should be addressed in the state court.

If the Court does not accept the recommendation that the motion to remand be granted, then the motion to dismiss should be recommitted to the Magistrate Judge.

## IV. RECOMMENDATION.

For the reasons set forth in the foregoing report, I respectfully recommend that the Court do the following:

  1. **GRANT** Plaintiff's Motion for Remand (Doc. No. 16) and **REMAND** this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida;

2. **DENY** Defendant Blue Cross and Blue Shield of Florida, Inc.'s and Health Options Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. No. 5) with leave to refile relevant portions of the motion in the state court; and,

3. **DIRECT** the Clerk of Court to close the file.

Alternatively, if the Court finds that Defendants have carried their burden of establishing that removal was proper under the ERISA complete preemption doctrine, then I recommend that the Court deny the motion for remand, determine whether to exercise jurisdiction over the state law claims arising under section 641.513(5), unjust enrichment and quantum meruit, and recommit the motion to dismiss to the undersigned for resolution to the extent any remaining issues presented therein are unresolved.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 23, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE