**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADVENTIST HEALTH**
**SYSTEM/SUNBELT INC.,**

        **Plaintiff,**

**-vs-**                                       **Case No. 6:08-cv-1706-Orl-22KRS**

**BLUE CROSS & BLUE SHIELD OF**
**FLORIDA, INC. and HEALTH OPTIONS,**
**INC.,**

        **Defendants.**
_____

## ORDER

This cause comes before the Court for consideration of Magistrate Judge Karla R. Spalding's January 23, 2009 Report and Recommendation ("R&R") (Doc. No. 23); Plaintiff Adventist Health System/Sunbelt Inc.'s ("Adventist") Limited Objections to Magistrate's Report and Recommendation (Doc. No. 24), filed on February 6, 2009; and Defendants Blue Cross and Blue Shield of Florida, Inc.'s and Health Options, Inc.'s (collectively "Defendants") Response to Plaintiff's Objections (Doc. No. 25), filed on February 23, 2009.

### I. INTRODUCTION

On May 13, 2008, Adventist filed suit against Defendants in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida. Adventist's four-count Complaint includes state law claims for damages for violation for Fla. Stat. § 641.513(5) (Count I); breach of third party beneficiary contract (Count II); unjust enrichment (Count III); and quantum

meruit (Count IV). Defendants filed their Notice of Removal on October 6, 2008 (Doc. No. 1), and Adventist now seeks to remand the action.

Defendants filed a motion to dismiss in which they contend that Adventist's Complaint should be dismissed with leave to refile it under ERISA, or the Medicare Act if applicable. (*See* Doc. No. 5.) They also argued, alternatively, that Adventist failed to state claims on which relief can be granted as to the unjust enrichment and quantum meruit causes of action. Consistent with its motion for remand, Adventist responded that its causes of action are not completely preempted by ERISA. It also asserts that its unjust enrichment and quantum meruit claims should not be dismissed. (Doc. No. 15.)

After considering the parties' pleadings, Judge Spalding issued an R&R recommending that the Court grant Adventist's Motion for Remand and deny Defendants' Motion to Dismiss with leave to refile the relevant portions of the motion in state court.[1] (Doc. No. 23.)

## II. BACKGROUND

The Complaint alleges as follows:

> Adventist is a hospital system known as Florida Hospital. Florida Hospital's Orlando Region has its principal place of business in Orange County, Florida. Blue Cross is a Florida health maintenance organization ("HMO") insurance carrier operating in Florida. Health Options is a wholly owned subsidiary of Blue Cross that operates HMO health plans throughout Florida.
>
> From March 1, 2004 through March 31, 2007, Florida Hospital's Orlando Region did not have a contract with Defendants to provide hospital services to persons covered by Defendants' HMO

---

[1] Specifically, Judge Spalding found that Defendants' argument that Adventist failed to state viable claims for unjust enrichment and quantum meruit should be addressed in state court. (Doc. No. 23 p. 10.) Neither party objects to this finding.

> plans. Nevertheless, during that time persons covered by Defendants' HMO health plans sought and received emergency services and care at facilities within Florida Hospital's Orlando Region. Florida Hospital's Orlando Region billed charges less than or equal to the usual and customary provider charges for similar services in the community. Defendants refuse to pay the billed charges submitted by Florida Hospital's Orlando Region.
>
> Defendants are parties to a contract with their insureds, referred to as subscribers, that obligates Defendants to pay health care providers for services rendered to the subscribers (the "Subscriber Contract(s)"). Adventist alleges that "[t]here is a clear manifest intent in the Subscriber Contracts to directly benefit [Adventist], thus making [Adventist] a third-party beneficiary of the Subscriber Contracts between the subscribers, those people seeking emergency services and care from [Adventist], and the Defendants, Blue Cross and Health Options." Adventist further alleges that Defendants have breached the Subscriber Contracts by failing to pay the outstanding balance of Adventist's billed charges for emergency services. Adventist seeks recovery of the amount of its outstanding balances for its billed charges together with interest, attorneys' fees and costs, and such others relief as the Court deems necessary and appropriate.

(Doc. No. 23 pp. 3-4) (citing Doc. No. 1 ¶¶ 3, 5-6, 8-10, 18, 22, 34-37.)

### III. REMAND STANDARD

The Constitution and Congress limit a federal court's jurisdiction by restricting the types of cases which the federal courts may hear. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). For this reason, statutes authorizing removal of actions to federal courts are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Burns*, 31 F.3d at 1094 ("[R]emoval statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). In fact, because "[f]ederal courts are of limited jurisdiction[,] . . . there is a presumption against the exercise of

federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (internal citations and quotations omitted).

It is well established that a removing party must present facts establishing its right to remove. *See Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). When the defendant fails to do so, remand is favored.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal-question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, there exists an "independent corollary" to the well-pleaded complaint rule known as "complete preemption" or "super preemption," which creates federal-question jurisdiction when the "pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'"[2] *Id.* at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987)); *see also Butero*, 174 F.3d at 1211-12.

---

[2]Complete preemption is not to be confused with "defensive preemption," which provides an affirmative defense to state law claims but does not furnish federal subject-matter jurisdiction. *Butero v. Royal Maccabees Life Ins., Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999). Generally, defensive preemption applies when state laws "relate" to an employee benefit plan covered by ERISA. *Rocky Mountain Holdings, LLC v. Blue Cross & Blue Shield of Fla., Inc.,* No. 6:08-cv-686-Orl-19KRS, 2008 WL 3833236 at *3 (M.D. Fla. August 13, 2008).

One such federal statute to which the doctrine of complete preemption applies is the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. Specifically, the ERISA civil enforcement provision, 29 U.S.C. § 1132(a)[3] has such a complete preemptive force that it converts an ordinary state common law complaint into one stating a federal claim. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (holding that "any state-law cause of action that duplicates, supplements or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Complete preemption exists under § 1132(a) when the following four elements are satisfied: (1) plaintiff's complaint involves a relevant ERISA plan; (2) the plaintiff has standing to sue under the plan; (3) the defendant is an ERISA entity; and (4) the complaint seeks compensatory relief similar to what is available under § 1132(a). *Butero*, 174 F.3d at 1212.

### A. Motion for Remand

In her R&R, Judge Spalding found that although the first, third, and fourth factors of the *Butero* test were established, the doctrine of complete preemption does not apply to this case because Defendants did not carry their burden of proving that Adventist has standing to sue under ERISA. (Doc. No. 23 p. 10.)[4]

---

[3] The relevant language of §1132(a) provides for a civil cause of action which may be brought by a "participant or beneficiary" to "recover benefits due to him [or her] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

[4] Defendants do not object to Judge Spalding's findings and urge this Court to overrule Adventist's objections. (*See* Doc. No. 25.)

In its objections to the R&R, Adventist takes exception with Judge Spalding's holding that Defendants established the first factor of the *Butero* test. Specifically, Adventist objects to Judge Spalding's finding that "[t]he ERISA plans are relevant, because without the existence of the ERISA plans, Health Options would not be responsible under Section 641.531(5) to compensate the provider for emergency services rendered, and there would be no contract on which Adventist could base its third-party beneficiary claim." (*Id*. at pp. 6-7.) Adventist argues that its claims do not involve the interpretation of ERISA plans but rather only the interpretation of the remedies afforded to it by § 641.531(5). (*See* Doc. No. 24 p. 3.)

In this case, it is clear that Adventist's claim under § 641.531(5) arises from an ERISA plan. This Court is not convinced by Adventist's most recent argument that Judge Spalding erred in concluding that Defendants met the first *Butero* factor.

Adventist next objects to Judge Spalding's finding that Defendants met the fourth factor of the *Butero* test because "by bringing a third-party beneficiary claim, Adventist is necessarily seeking to recover payment for services rendered *as provided for in the relevant Health Options' plans*." (Doc. No. 23 p. 9) (emphasis in original). In support of its argument, Adventist contends that the relief sought in each of the four counts is the same and does not depend on whether the services were covered under the ERISA plans or whether payment was allowed under the plan. (Doc. No. 24 p. 7.) Rather, Adventist asserts that the relief sought in all counts is calculated based upon a statutory formula that exists and applies irrespective of the ERISA plans. (*Id*.)

In Count II of the Complaint, Adventist claims that it is entitled to the recovery of damages from Defendants because it is the third-party beneficiary of Defendants' contracts with

-6-

its subscribers. (Doc. No. 3 ¶¶ 34-37.) This theory is plainly stated in the Complaint, in that Adventist claims damages "with regard to those commercial HMO health plan members of Defendants that are subject to or covered by ERISA . . . ." (*Id*. at ¶ 37.) Adventist is relying on an ERISA plan for its cause of action, and the relief it seeks is precisely that available under § 1132(a), i.e., the payment for benefits due under the beneficiaries' HMO plan. *See Gables Plastic Surgery v. Blue Cross/Blue Shield of Fla. Inc*, No. 07-21684-CIV-JORDAN at pp. 3-4 (S.D. Fla. Aug. 22, 2007). Accordingly, the Court finds that Judge Spalding was correct in holding that the fourth factor of the *Butero* test has been established.

However, because Judge Spalding found that Defendants have not carried their burden of proving that Adventist has standing to sue under ERISA, the motion for remand is well taken.[5]

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's January 23, 2009 Report and Recommendation (Doc. No. 23) is APPROVED and ADOPTED.

2. Plaintiff Adventist Health System/Sunbelt Inc.'s Limited Objections to Magistrate's Report and Recommendation (Doc. No. 24), filed on February 6, 2009, are OVERRULED.

3. Plaintiff's Adventist Health System/Sunbelt Inc.'s Motion for Remand (Doc. No. 16), filed on November 3, 2008, is GRANTED. The case is REMANDED to the Circuit Court in and for Orange County, Ninth Judicial Circuit. The state court case number prior to removal was 2008-CA-011145-O.

---

[5]Neither party disputes Judge Spalding's finding with regard to the second element of the *Butero* test.

4. Defendants Blue Cross and Blue Shield of Florida, Inc.'s and Health Options, Inc's Motion to Dismiss (Doc. No. 5), filed on October 6, 2008, is DENIED as moot with leave to refile the relevant portions of the motion in the state court.

5. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 18, 2009.

Copies furnished to:

Counsel of Record
Unrepresented Party
Clerk of the Orange County Circuit Court
Magistrate Judge

*/s/ Anne C. Conway*
ANNE C. CONWAY
United States District Judge